### The PEOPLE of the State of Colorado, Complainant

v.

### Keith W. PETRIE, Attorney-Respondent.

### No. 82SA78.

Supreme Court of Colorado,
En Banc.

March 29, 1982.

Philip A. Harley, Deputy Disciplinary Prosecutor, Denver, for complainant.

Michael H. Bynum, Boulder, for attorney-respondent.

QUINN, Justice.

In this disciplinary proceeding the respondent-attorney, Kenneth W. Petrie, and the Deputy Disciplinary Prosecutor executed a stipulation in which the respondent freely and knowingly waived his right to a formal hearing before the Grievance Committee and agreed to the surrender of his license to practice law and to refrain from applying for reinstatement until March 1, 1984. The respondent acknowledged in the stipulation that admissions made therein by him may be used against him in any reinstatement petition, that he must make restitution in full, that he must prove by clear and convincing evidence his fitness to practice law in any petition for reinstatement, and that he may be required to take and pass the Colorado Bar Examination as a condition of reinstatement. The Grievance Committee approved the stipulation and recommended that the term of ineligibility for reinstatement be reduced to one year and one day from the date of this court's order approving the stipulation. We now approve the stipulation, accept the recommendation of the Grievance Committee, and order the respondent to immediately surrender his license to practice law.

The respondent was admitted to the bar of this state on May 1, 1979, and became associated with a Denver law firm. The stipulation recites that on several occasions

during the summer of 1980 the respondent requested the bookkeeper of the law firm to make out a check to a third person for reimbursement of expenses and he then endorsed the check to himself and deposited it in his own account. The respondent also requested the bookkeeper to prepare a number of checks payable to himself as reimbursement for traveling expenses to which he was not entitled. He then forged a partner's signature to these travel expense checks and negotiated or deposited them to his own account.

In August 1980 the law firm became aware of the respondent's unjustified expense claims and conducted an audit of all firm expenses relating to him. The audit revealed that the respondent had wrongfully received approximately $2,000 from the law firm's funds to which he was not entitled. The audit also disclosed that the respondent had improperly billed clients at the rate of $60 per hour for unexpended travel time. When confronted with his wrongful conduct, the respondent admitted his guilt and resigned from the firm. He voluntarily suspended his legal activities and made arrangements to make restitution. Additionally, he reported his actions to the Grievance Committee and to the Denver District Attorney's office. On October 8, 1980, the respondent was charged with felony theft, a class 4 felony, section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8). He entered a plea of *nolo contendere* to that offense and was placed on probation for four years.

Based upon the foregoing stipulated facts, the Grievance Committee determined by clear and convincing evidence that the respondent had engaged in conduct violating the criminal laws of this state [C.R.C.P. 241(B)(3)], illegal conduct involving moral turpitude [DR 1–102(A)(3)], conduct involving dishonesty, fraud, deceit or misrepresentation [DR 1–102(A)(4)], conduct prejudicial to the administration of justice [DR 1–102(A)(5)], and conduct that adversely affects his fitness to practice law [DR 1–102(A)(6)]. We concur in the Grievance Committee's determination.

The respondent has no prior disciplinary record and, with the exception of the incidents in this matter, his professional competence has never been questioned. His academic background is excellent and he overcame considerable hardships in pursuing and completing his education. Since October 1980 he has been under psychiatric treatment and has gained considerable insight into the nature of his wrongful actions, which the Grievance Committee characterized as "a self-destructive series of acts." We mention these matters not as an excuse for his professional misconduct but rather as an explanation of our approval of the stipulation and the Grievance Committee's recommendation concerning discipline.

The respondent is suspended and is ordered to surrender forthwith his license to practice law in this state to the Clerk of the Supreme Court. It is further ordered that the respondent shall not be permitted to apply for reinstatement before the expiration of one year and one day from the date of this order, and then only upon full compliance with all the terms and conditions of the stipulation herein approved. The respondent is ordered to pay the costs of these proceedings in the amount of $209.12 within 60 days from this date.